UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL RASHARD EWING,

     Plaintiff,                 Case No.  4:22-cv-12127

                                   District Judge Shalina D. Kumar

v.                            Magistrate Judge Kimberly G. Altman

RAPHAEL WASHINGTON, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS THE CASE FOR FAILURE TO PROSECUTE

### I.     Introduction

This is a prisoner civil rights case.  Plaintiff Darrell Rashard Ewing (Ewing), proceeding *pro se*, was incarcerated at the Wayne County Jail (WCJ) in Detroit, Michigan.  On September 8, 2022, he filed a complaint against defendants claiming that they violated his First and Fourteenth Amendment rights by denying him a Muslim diet during Ramadan while housed at WCJ.  (ECF No. 1).  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned on November 20, 2023.  (ECF No. 14).  For the reasons that follow, the undersigned RECOMMENDS that the case be dismissed for failure to prosecute.

### II.     Background

On April 12, 2024, defendants filed a motion to dismiss or for summary

1

judgment.  (ECF No. 22).  The Court ordered Ewing to file a response to the motion by May 17, 2024.  (ECF No. 23).  However, on May 7, 2024, that order was returned to the Court as undeliverable.  (ECF No. 24).  According to a staff note on the docket dated May 9, 2024, the Clerk "Corrected Plaintiff's address per ECF 7.  Added prisoner number and corrected the Division for Wayne County Jail."

On May 29, 2024, after Ewing's address was corrected, court orders requiring a response to defendants' motion and extending the date for a response were also returned as undeliverable.  (ECF Nos. 26, 27).  The returned mail indicated that Ewing had been released from WCJ.  (*Id.*).  Despite an order providing notice that parties must notify the Court of any address changes, (ECF No. 5), which warned the parties that failure to do so could result in dismissal of the case, Ewing has not provided an updated address to the Court and his current whereabouts are unknown.[1]  Accordingly, on June 18, 2024, the Court entered an order for Ewing to show cause as to why his case should not be dismissed for failure to prosecute.  (ECF No. 28).  Ewing had until July 2, 2024 to file a response

---

[1] Ewing is also a plaintiff in another case, *Ewing v. Wayne County, et al.*, No. 2:22-cv-11453 (E.D. Mich. filed June 23, 2022) (Steeh, J.), in which he updated his address to the Milan Correctional Facility in Milan, Michigan.  However, the docket in that case indicates that he was released from the Milan institution on April 10, 2024, and this Court's search of the Federal Bureau of Prisons Inmate Locator verifies his release.  *See* https://www.bop.gov/inmateloc// (last visited July 9, 2024).

to the order to show cause.  That date has passed and Ewing has not filed a

response.

### III.    Legal Standard

Parties who are not represented by counsel must keep the Court informed of

their contact information.  E.D. Mich. LR 11.2.  When a *pro se* party fails to

promptly update her contact information, she may face sanctions, including

dismissal of the complaint.  *Id.*; *Bugg v. Bauman*, No. 2:19-CV-10262, 2020 WL

7346690, at *1 (E.D. Mich. Oct. 19, 2020).  "Rule 41(b) of the Federal Rules of

Civil Procedure confers on district courts the authority to dismiss an action for

failure of a plaintiff to prosecute the claim or to comply with the Rules or any

order of the court."  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736

(6th Cir. 2008).  Moreover, under Local Rule 41.2, "when . . . the parties have

taken no action for a reasonable time, the Court may, on its own motion after

reasonable notice or on application of a party, enter an order dismissing or

remanding the case unless good cause is shown."  E.D. Mich. LR 41.2.

Under both Fed. R. Civ. P. 37(d), Fed. R. Civ. P. 41(b), the test to determine

whether dismissal is warranted is the same: 1) was the failure to cooperate or

prosecute due to willfulness, bad faith, or fault; 2) was the adversary prejudiced by

the party's conduct; 3) was the party warned that failure to cooperate or prosecute

could lead to dismissal; and 4) the existence and appropriateness of less drastic

sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (dismissal under Fed. R. Civ. P. 37(b)); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (dismissal under Fed. R. Civ. P. 41(b)).

## IV.    Discussion

As to the first factor, Ewing was informed of his obligation to provide a current address to the court.  It is clear he has not done so and has in fact been released from custody.  Ewing has taken no action to change his address with the Court.  Nor has Ewing taken any other action to prosecute his case, as he has not filed a response to defendants' pending motion.  The last filing from Ewing was a motion regarding prisoner funds filed on July 10, 2023.  (ECF No. 11).  These actions amount to a failure to prosecute.  This factor favors dismissal.

As to the second factor, defendants have been prejudiced because Ewing has not filed a response to their motion to dismiss or otherwise participated in the case.  This factor favors dismissal.

The third factor has also been satisfied.  Ewing was warned in a notice of his responsibility to update his address or his case could be dismissed.  (ECF No. 5).  The order to show cause also warned him that "his failure to respond to this order in a satisfactory manner may result in a recommendation that his case be dismissed for failure to prosecute."  (ECF No. 28, PageID.177).

Finally, as to the fourth factor, there are no meaningful remedies left other

4

than dismissal.  It appears that Ewing has abandoned his case now that he is no longer in prison.  Issuing sanctions less severe than dismissal would be futile as it seems that Ewing has no intention of pursuing the case, and there is no reason to think he will continue with the case under less severe sanctions.

In sum, Ewing's failure to notify the Court or defense counsel of his new address upon his release from incarceration and failure to take any action whatsoever since July of 2023 warrants dismissal.

## V.     Conclusion

For the reasons stated above, it is RECOMMENDED that the case be DISMISSED due to Ewing's failure to provide an updated address in violation of Local Rule 11.2 and for lack of prosecution under Fed. R. Civ. P. 41(b) and Local Rule 41.2.

Dated: July 9, 2024                              s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA

6

Case Manager

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2024.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager
